UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **ANDREW COX,** | ) | CASE NO. 4:16 CV 261 |
| | ) | |
| Petitioner, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | |
| | ) | <u>OPINION AND ORDER</u> |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Respondent. | ) | |

### CHRISTOPHER A. BOYKO, J.:

*Pro se* Petitioner Andrew Cox filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241.  He is currently incarcerated in the Elkton Correctional Institution, having been convicted in the District of New Jersey of distribution of child pornography.  *See United States v. Cox*, No. 12-3907, 553 Fed. Appx 123 (3d Cir. Jan. 13, 2014).  In his Petition, Cox challenges his conviction, and claims the "Suspension Clause," Art. I, sec. 9, cl.2 of the United States Constitution provides authority for him to do so under 28 U.S.C. § 2241.  He also attaches the Motion to Vacate under 28 U.S.C. § 2255 which he filed in the United States District Court for the District of New Jersey on January 20, 2016.  He indicates the District of New Jersey has not yet ruled on his Motion and asks this Court to review the grounds he raised in it and overturn his conviction.  For the reasons stated below, the Petition is denied, and this action is dismissed with prejudice.

## I. BACKGROUND

This is Petitioner's second Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 in which he asks this Court to vacate his conviction and sentence from the District of New Jersey. In his first Petition, he asked the Court to override the decisions of the District of New Jersey and the Third Circuit Court of Appeals denying his speedy trial claim. *See Cox v. United States*, No. 4:15 CV 1756 (N.D. Ohio Dec. 23, 2015)(Lioi, J.). United States District Judge Sara Lioi denied the § 2241 Petition stating Petitioner cannot bring a challenge to his conviction under § 2241. Challenges to his conviction can only be made in a Motion to Vacate under 28 U.S.C. § 2255, filed in the sentencing court. That case was dismissed on December 23, 2015.

Undeterred, Petitioner filed this action on February 3, 2016. Once again, he challenges his conviction, asserting claims of unconstitutional arrest, Speedy Trial Act violations, malicious prosecution, fraud on the court, denial of the effective assistance of counsel, violation of the attorney client privilege, denial of due process in his plea agreement, sentence beyond the statutory maximum, involuntary guilty plea and actual innocence. (ECF No. 1 at 5). He asks this Court to revisit issues addressed by Judge Lioi, as well as the District of New Jersey and the Third Circuit Court of Appeals and reverse his conviction. He indicates that he is invoking the "suspension clause," U.S. Const. art. I, § 9, cl. 2, as authority for granting this relief under § 2241.

## II. LAW AND ANALYSIS

**Standard of Review**

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a).

Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting Section 2241(c)). Because Petitioner is appearing *pro se*, the allegations in his Petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, this Court may dismiss the Petition at any time, or make any such disposition as law and justice require, if it determines the Petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding district courts have a duty to "screen out" petitions lacking merit on their face under Section 2243).

Moreover, Petitions under 28 U.S.C. § 2241 may only be used by a federal prisoner seeking to challenge the execution or manner in which his sentence is served. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)); *Wright v. United States Bd. of Parole*, 557 F.2d 74, 77 (6th Cir. 1977). Federal prisoners seeking to challenge their convictions or imposition of their sentences must pursue relief under 28 U.S.C. § 2255. *Cohen v. United States*, 593 F.2d 766, 770 (6th Cir. 1979). The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). Petitioner cannot raise claims in a § 2241 Petition when his attempts to obtain relief under §2255 for those claims are unsuccessful.

Section 2255 does contain a "safety valve" provision which permits a federal prisoner challenge his conviction or the imposition of his sentence under 28 U.S.C. § 2241, if there were

a change in the law after his conviction that establishes his actual innocence and it appears that the remedy afforded under § 2255 is "inadequate or ineffective to test the legality of his detention." *United States v. Hayman*, 342 U.S. 205, 223 (1952); *In re Hanserd*, 123 F.3d 922, 929 (6th Cir. 1997). The remedy under § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision. *See e.g., Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999)(per curiam). The § 2255 remedy is not considered inadequate or ineffective, moreover, simply because § 2255 relief has already been denied, because the Petitioner is procedurally barred from pursuing relief under § 2255, or because the Petitioner has been denied permission to file a second or successive § 2255 Motion to Vacate. *Id.*

To fall within any arguable construction of the safety valve provision, a Petitioner must show that an intervening change in the law establishes his actual innocence. *United States v. Peterman*, 249 F.3d 458, 462 (6th Cir. 2001). A valid assertion of actual innocence is more than a belated declaration that the prisoner does not believe his conviction or sentence is valid. Actual innocence in this context means that the intervening change in the law renders the conduct of which Petitioner was convicted no longer a crime. *See Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003); *Peterman*, 249 F.3d at 462; *Bousley v. United States*, 523 U.S. 614, 623 (1998)). In other words, Petitioner must point to a new decision holding that the substantive criminal statute under which he was convicted no longer reaches the conduct in which he engaged. *Bousely*, 523 U.S. at 620 (citing *Davis v. United States*, 417 U.S. 333, 346 (1974)). *See, e.g., Bailey v. United States*, 516 U.S. 137 (prisoners convicted of "using" a firearm during a drug crime or violent crime found themselves innocent when Supreme Court redefined "use" in a restrictive manner).

**Analysis**

Petitioner is still unable to challenge his conviction in a § 2241 Petition. He can only assert claims challenging his conviction on direct appeal or in a Motion to Vacate under § 2255. Petitioner filed a direct appeal of his conviction in the Third Circuit Court of Appeals. The Third Circuit affirmed his conviction on January 29, 2014. He filed a Motion to Vacate pursuant to 28 U.S.C. § 2255 in the United States District Court for the District of New Jersey on January 20, 2016. That Petition is still pending. Fourteen days later, he filed this § 2241 Petition claiming that the Judge in the District of New Jersey refused to exercise jurisdiction over his § 2255 Motion to Vacate. He suggests this renders his remedy under § 2255 inadequate and ineffective. In fact, the District Court in that case has not yet ruled on the Motion to Vacate. *See Cox v. United States*, No. 2:16 CV 345 (D.N.J. filed Jan. 20, 2016). There is no suggestion on the docket that the District Court refused jurisdiction. Failing to rule on a Motion to Vacate within fourteen days of its filing does not make the remedy under § 2255 inadequate or ineffective.

Finally, this Petition does not fit within the safety valve provision of § 2255, despite Petitioner's invocation of the Suspension Clause. *Sandles v. Miller*, No. 11 CV 11777, 2011 WL 2712733, at *2 (E.D. Mich. July 13, 2011). To even approach the inquiry of whether Petitioner's remedy under § 2255 is inadequate or ineffective, he must first demonstrate actual innocence. "Actual innocence" for purposes of the safety valve of § 2255 is limited to claims in which a change in the law took place after Petitioner was convicted and this change made Petitioner's conduct no longer a crime. *Peterman*, 249 F.3d at 462. It does not mean that Petitioner can say he is actually innocent of his offense and then file a § 2241 Petition to get

another District Court to review the facts of his case and overturn his conviction if it disagrees with the original finding of guilt. Here, Petitioner was convicted on six counts of distribution of child pornography. He does not demonstrate that there was a change in the law which no longer makes his conduct a crime. Petitioner cannot challenge his conviction under 28 U.S.C. § 2241.

### III. CONCLUSION

Accordingly, the Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 is denied and this action is dismissed with prejudice pursuant to 28 U.S.C. § 2243. Further, under 28 U.S.C. § 1915(a)(3), this Court certifies an appeal could not be taken in good faith.

IT IS SO ORDERED.

s/ Christopher A. Boyko
CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE

DATED: April 6, 2016